United States District Court
Southern District of Texas

**ENTERED**

January 22, 2024

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MIGUEL VASQUEZ, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-21-3609 |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**MEMORANDUM AND OPINION**

**I.    Background**

The plaintiff, Miguel Vasquez, was injured in a Home Depot store.  (Docket Entry No. 1-2 at ¶ 8).  He left the checkout line briefly to get a drink from a nearby cooler.  (*Id.*).  While he was gone, another customer placed wire shelving in the checkout line.  (*Id.*).  Vasquez tripped on the shelving when he returned to the checkout line, fell to the floor, and lost consciousness.  (*Id.*).

Vasquez sued Home Depot, alleging that his injury was caused by Home Depot's negligence.  (*Id.* at ¶¶ 9–10).    Home Depot moves for summary judgment.  (Docket Entry No. 28).  Based on the record, the briefs, and the applicable law, summary judgment is granted.  The reasons are set out below.

**II.    The Legal Standards**

**A.    The Rule 56 Standard**

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th

Cir. 2022) (quoting FED. R. CIV. P. 56(a)).  "A fact is material if it might affect the outcome of the suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 467 (5th Cir. 2021) (quoting reference omitted).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion[] and identifying" the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When 'the non-movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is [a dispute] of material fact warranting trial." *MDK S.R.L. v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration in original) (quoting reference omitted).  "However[,] the movant 'need not negate the elements of the nonmovant's case.'" *Terral River Serv., Inc. v. SCF Marine Inc.*, 20 F.4th 1015, 1018 (5th Cir. 2021) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).  "If 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)).

After the movant meets its Rule 56(c) burden, "the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quoting references omitted).  The nonmovant "must identify specific evidence in the record and articulate the 'precise manner' in which the evidence" aids their case. *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (quoting reference omitted).  Of course, all reasonable inferences are drawn in the nonmovant's favor. *Loftin v. City*

*of Prentiss*, 33 F.4th 774, 779 (5th Cir. 2022).  But a nonmovant "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence."  *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 369 (5th Cir. 2021) (quoting reference omitted).

### B.   Premises Liability

The elements of a Texas cause of action for a premises liability trip and fall are clear: the plaintiff was an invitee; the defendant was the premises possessor; a condition on the premises presented an unreasonable risk of harm; the defendant knew or reasonably should have known of the condition; the defendant breached its duty of care by failing to warn or failing to make the condition reasonably safe; and the breach proximately caused the injury.  *De Lago Partners v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010); *Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 892 (5th Cir. 2000) ("Under Texas premises liability law, a merchant owes its invitees a duty to exercise reasonable care to protect them against dangerous store conditions known or discoverable to the merchant.").

## III.   Analysis

The summary judgment evidence consists of Vasquez's deposition transcript and a video of the incident.  Neither raises a genuine factual dispute material to determining whether Home Depot exercised ordinary care.

Vasquez testified in his deposition that the shelving was placed on the ground by another customer, not by an employee of Home Depot.  (Docket Entry No. 28-1 at 5–6).  He also testified that he did not see the shelving on the floor when he left the checkout line to get a drink.  (*Id.* at 5, 8).  The video shows that the shelving was on the floor for only a short time.  (Docket Entry No. 28-2).  Vasquez testified that he did not know if any Home Depot employee was aware of the shelving on the floor.  (Docket Entry No. 28-1 at 6).

This evidence establishes that the allegedly dangerous condition—*i.e.*, the shelving on the floor—was not caused by Home Depot.  There is no evidence supporting the inference that Home Depot had actual or constructive knowledge of the dangerous condition, which existed for approximately 25 seconds before Vasquez was injured.  *Compare Flowers v. Wal-Mart Inc.*, 79 F.4th 449, 454 (5th Cir. 2023) (fact issue existed as to whether puddle was on floor long enough to put Wal-Mart on notice when evidence showed that "two Wal-Mart employees could have seen the puddle, one of whom was actually notified of it; a shopping basket dripping from the rain likely formed the puddle some time before [another shopper] even noticed it; and the puddle was located in a heavily trafficked portion of the store").  Vasquez's testimony that there were Home Depot employees nearby, (Docket Entry No. 28-1 at 4), does not raise a factual dispute as to actual or constructive knowledge.  *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002); *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006); *H.E.B. Foods, Inc. v. Moore*, 599 S.W.2d 126, 129 (Tex. Civ. App.—Corpus Christi, 1980, no writ); *Furr's Inc. v. Sigala*, 608 S.W.2d 789, 790 (Tex. App.—El Paso 1980, no writ); *Wal-Mart Stores, Inc. v. Rosa*, 52 S.W.3d 842, 844 (Tex. App.—San Antonio 2001, pet. denied).

To the extent Vasquez brings a claim for negligence, in addition to or alternative to premises liability, that claim also fails as a matter of law.  Vasquez's injury did not result from any activity by Home Depot, but rather from a temporary condition of the premises.  *See 4front Engineered Solutions, Inc. v. Rosales*, 505 S.W.3d 905, 912 (Tex. 2016); *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010); *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992); *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 472–73 (Tex. 2017).

**IV.    Conclusion**

Summary judgment is granted.  Final judgment will be issued by separate order.


SIGNED on January 22, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge